UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 3:19-00078-001** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELEYOUNG D. MILLER (01)** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

The Defendant Deleyoung D. Miller ("Miller") filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 126]. The United States filed its Response [Doc. No. 130]. For the reasons set forth herein, Miller's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**I.      BACKGROUND**

On August 28, 2019, a federal Grand Jury returned a Superseding Indictment charging Miller and others with Conspiracy to Distribute Methamphetamine (Count 1); Distribution of Methamphetamine (Count 2); Possession With Intent to Distribute Methamphetamine (Count 3); Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Count 4); and Felon in Possession of a Firearm (Count 5) [Doc. No. 60].

On September 12, 2019, pursuant to a written plea agreement, Miller plead guilty to Count 1 and Count 4 of the Superseding Indictment [Doc. No. 87]. The Court adopted the Report and Recommendation of the United States Magistrate Judge regarding the guilty plea [Doc. No. 93].

On January 8, 2020, Miller was sentenced to 188 months of imprisonment as to Count 1 and 60 months imprisonment as to Count 4, with the sentences to run consecutively [Doc. No. 122]. On October 7, 2020, Miller filed this § 2255 Motion [Doc. No. 126].

## II.   LEGAL ANALYSIS

In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555 (5th Cir. 1996). In Miller's motion, he maintains he received ineffective assistance of counsel for counsel failing to raise the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

Allegations concerning the performance of one's attorney can be considered under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500 (2003). (Claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255); *United States v. Ramos* 801 F. App'x 216 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel".) In *Strickland v. Washington*, 466 U.S. 6687 (1984), the United States Supreme Court established the test for determining ineffective assistance of counsel. Pursuant to the *Strickland* test, a defendant must establish that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice.  id at 687.

The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott,* 37 F.3d 202 (5th Cir. 1994).

Miller contends he was denied effective assistance of counsel because his attorney failed to raise the United States Supreme Court's decision in *United v. Davis*, 139 S.Ct. 2319 (2019). In *Davis*, the United States Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, in this case, Miller did not plead to the residual clause that was held unconstitutional in *Davis*. Miller plead guilty to the "elements clause" in 18 U.S.C. § 924(c)(3)(A).

The *Davis* decision does not apply to a defendant who pleaded guilty to using or carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Goldman v. United States* 2019 WL 6879325 (N.D. Tex. Nov. 6, 2019).

Since *Davis* does not apply to Miller's situation, his claim of ineffective assistance of counsel is DENIED. Miller's attorney cannot be ineffective for failing to raise a meritless issue. *Sones v. Hargett* 61 F.3d 410 (5th Cir. 1995).

### III. CONCLUSION

For the above and foregoing reasons, Defendant Deleyoung D. Miller's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. No. 126] is DENIED.

MONROE, LOUISIANA this 22nd day of October, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE